UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TYLER CAVALIER                                               CIVIL ACTION

VERSUS                                                       NO. 21-1000

PROGRESSIVE PALOVERDE                                        SECTION "R" (1)
INSURANCE COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is plaintiff Tyler Cavalier's motion to remand.[1] Defendant Progressive Paloverde Insurance Company ("Progressive Paloverde") opposes the motion.[2] Because not all of the served defendants timely joined or consented to the removal, the Court grants plaintiff's motion to remand.

## I.  BACKGROUND

This case arises out of an automobile accident that occurred in Ascension Parish, Louisiana.[3] Plaintiff Tyler Cavalier alleges that, on May 4, 2020, his vehicle was struck by a vehicle driven by Sandra Rodrigue.[4] On

---

1   R. Doc. 5.
2   R. Doc. 9.
3   R. Doc. 1 ¶ 2.
4   *Id.*

November 2, 2020, plaintiff filed a petition for damages in the 23rd Judicial District Court for the Parish of St. James.[5] Plaintiff sued Rodrigue, and Rodrigue's insurer, Progressive Security Insurance Company ("Progressive Security").[6] Plaintiff also sued his employer's uninsured/underinsured motorist ("UM") carrier, Progressive Paloverde, which provided coverage on the car that plaintiff was driving at the time of the accident.[7]

On April 28, 2021, the state district court dismissed Rodrigue and Progressive Security with prejudice.[8] On May 5, 2021, plaintiff filed a supplemental and amended petition in state court, adding Safeco Insurance Company of Oregon ("Safeco"), as a defendant in its capacity as plaintiff's UM provider.[9] Progressive Paloverde was served with a copy of the supplemental and amending petition, and filed its answer on May 12, 2021.[10] According to the return-of-service record, Safeco was served on May 13, 2021.[11] Eleven days later, on May 24, 2021, Progressive Paloverde filed a notice of removal in this Court.[12] The notice of removal asserts that, after

---

[5]   R. Doc. 1-2.
[6]   *Id.* ¶¶ 7-8.
[7]   *Id.*
[8]   R. Doc. 5-4 at 1.
[9]   R. Doc. 5-5 at 1.
[10]  R. Doc. 1-2 at 30-31; R. Doc. 5-7 at 1-2.
[11]  R. Doc. 5-8 at 1.
[12]  R. Doc. 1.

2

defendant Rodrigue was dismissed, this Court had diversity jurisdiction under 28 U.S.C. § 1332.[13]

Plaintiff now moves to remand the case to state court.[14] Plaintiff argues that a remand is necessary because Safeco did not consent to removal.[15] Defendant Progressive Paloverde opposes the motion, asserting that Safeco's consent was not required because Progressive Paloverde was not on notice that Safeco had been served.[16] It asserts that Safeco's return of service was not filed in the state court record until June 2, 2021, nine days after defendant moved for removal.[17]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]t is well settled that the removing party bears the burden of establishing the facts

---

[13]   *Id.* ¶ 3.
[14]   R. Doc. 5.
[15]   *Id.* at 2-5.
[16]   R. Doc. 9 at 5.
[17]   *Id.* at 5-6.

3

necessary to show that federal jurisdiction exists." (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961))). In assessing whether removal is appropriate, the Court is guided by the principle, grounded in the notion of comity, that removal statutes should be strictly construed. *See Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002) ("Any ambiguities are construed against removal."); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute [on removal] has defined.").

To remove a case, a defendant must file a notice of removal within thirty days of service on the defendant. 28 U.S.C. § 1446(a)-(b). All defendants who have been "properly joined and served" must either join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). Under this "rule of unanimity," all served defendants must join or consent to removal before the expiration of the thirty-day removal period. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261-62 (5th Cir. 1988). But in cases that are not initially removable, the thirty-day period begins to run "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

4

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). If a properly served defendant fails to timely consent or join in removal, the notice is defective, and the case must be remanded. *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011) (per curiam).

The Fifth Circuit has recognized that "sometimes exceptional or unique circumstances might permit removal after the expiration of the thirty-day period prescribed by § 1446(b)." *Id.*; *see also Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992) ("[S]hould such a situation arise, it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis."). The Fifth Circuit has granted this exception only in the "unique" case of *Gillis v. Louisiana*, 294 F.3d 755 (5th Cir. 2002). In *Gillis*, the non-removing defendant did not file its written consent in thirty days because consent could be authorized only at a board meeting, and the plaintiff, who was also the chairman of the board, had interposed scheduling conflicts that prevented timely consent. *Id.* at 758-59.

The Fifth Circuit has also indicated that such "exceptional circumstances" will generally be found only when defendant's lack of timely consent arises from plaintiff's conduct, such as plaintiff's "bad faith efforts to prevent removal." *Ortiz*, 431 F. App'x at 307-08. Similarly, "the few district

5

courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings." *See Alford v. Chevron U.S.A. Inc.*, No. 13-5457, 2014 WL 37600, at *7 (E.D. La. Jan. 6, 2014) (collecting cases).

## III. DISCUSSION

Because service on Safeco was perfected before Progressive Paloverde moved for removal, Progressive Paloverde needed to obtain Safeco's consent for removal within thirty days of service on Safeco. *See Ortiz*, 431 F. App'x at 307 (requiring "all defendants join in the removal petition prior to the expiration of the removal period"). It is undisputed here that Safeco did not join in Progressive Paloverde's timely notice of removal, or file a written indication consenting to removal, within thirty days after Safeco was served.[18] *See* 28 U.S.C. § 1446(b)(2)(B). Progressive Paloverde contends that its removal, without Safeco's consent, "was not deficient due to the exceptional circumstance" that it "was not on notice that Safeco had been served with Plaintiff's Petition prior to removal[,] since the Sheriff's return of service was not filed until . . . nine days after removal."[19]

---

[18] Safeo was served on May 13, 2021, R. Doc. 5-8 at 1, and did not file its consent for removal by June 14, 2021.
[19] R. Doc. 9 at 6.

6

But courts have found that exceptional circumstances warranting an exception to the unanimity rule generally do not arise when the removing defendant relied on the state court record, unless the removing defendant made a diligent effort to contact the other defendant. *See, e.g.*, *Dupree v. Torin Jacks, Inc.*, No. 08-1648, 2009 WL 366332, at *5 (W.D. La. Feb. 12, 2009) ("[T]he absence of record evidence of service, standing alone, does not automatically equal exceptional circumstances."); *Grant v. FCA US, LLC*, No. 19-7749, 2019 WL 2635930, (E.D. La. June 27, 2019) ("Considering Defendant['s] failure to attempt to contact the other Defendants . . . the Court finds that the facts do not present an exceptional circumstance, and remand is appropriate.").

Here, defendant represents that the only effort it made at gaining Safeco's consent is that it "inquired" with the state clerk of court whether Safeco had been served, and "was informed that no return or service had been filed as of the date of Removal."[20] Although Safeco was served eleven days before defendant filed its notice of removal, defendant never attempted to contact Safeco directly to determine whether it had been served, and if so, the identity of its local counsel.

---

[20]   R. Doc. 9 at 4-5.

The Court finds that Progressive Paloverde did not act with the requisite diligence to warrant an exception to the consent requirement. The case of *Forman v. Equifax Credit Information Services, Inc.*, No. 97-431, 1997 WL 162008 (E.D. La. Apr. 4, 1997), is instructive. There, the court found a lack of exceptional circumstances when the defendants made no attempt to directly contact their co-defendant, or to contact the Secretary of State's office where all foreign corporations must register. *Id.* at *2. Instead, the removing defendants only contacted the state court clerk to inquire about the return of service a week before filing their notice of removal. *Id.* The court concluded that the removing defendants "place[d] too much reliance on their search for and the absence of a return of service in the state court record." *Id.*

Similarly, the removing defendant here represents that its only effort to obtain consent was to call the state clerk of court to determine whether Safeco had been served.[21] Specifically, defendant provides no indication that it attempted to contact Safeco directly. *Compare Wagner v. Gov't Emps. Ins. Co.*, No. 18-10281, 2019 WL 626430, at *5 (E.D. La. Feb. 14, 2019) (denying remand where defendant diligently attempted to contact its co-defendants several times to obtain consent for removal). Nor is this a case where

---

21   R. Doc. 9 at 5.

8

defendant is faced with the "daunting task" of determining whether numerous corporate co-defendants had been served. *Compare Bilyeu v. Johanson Berenson, L.L.P.*, No. 8-2006, 2010 WL 1189822, at *1 (W.D. La. Mar. 26, 2010) (denying a motion to remand where the defendant contacted the clerk of court several times to inquire about whether nine different co-defendants had been served, but noting that "if only one additional corporate defendant existed, it would not be unduly burdensome to expect remover's counsel to contact such other defendant and gather information regarding service").

Progressive Paloverde's lack of diligence in reaching out to Safeco is even less excusable given that plaintiff's state court petition included the name and address of Safeco's agent for service ("State of Louisiana Secretary of State").[22] *See Dupree*, 2009 WL 366332, at *4 ("[C]ounsel could have easily contacted [defendant] directly to learn if it had been served, if it consented to removal, or the name of its counsel. The name and address of [defendant's] agent for service . . . was listed on the state court petition so that information was readily available to removing defendants."). Defendant never represents that it called the Louisiana Secretary of State, Safeco's

---

[22]   R. Doc. 1-2 at 30.

registered agent,[23] or that it looked up Safeco's registration and contact information with the Louisiana Department of Insurance.[24] Therefore, the Court finds that defendant did not make diligent efforts to obtain consent from all parties before filing its notice of removal.

Furthermore, this case does not present exceptional circumstances given the lack of any allegations of bad faith or forum manipulation by the plaintiff. *See Alford*, 2014 WL 37600, at *7 (noting that most district courts that have found exceptional circumstances usually "confronted situations involving bad faith, forum manipulation, and lost filings"). There is no allegation that plaintiff acted in bad faith or strategically to manipulate jurisdiction. And courts generally have not found bad faith when a plaintiff delayed filing proof of service. *See, e.g.*, *Wagner*, 2019 WL 626430, at *5 (finding that, despite plaintiffs' delay in entering proof of service into the state-court record, "[p]laintiffs did not act improperly by failing to join all defendants or adding them at strategic times"); *Forman*, 1997 WL 162008, at *1 ("There is no evidence, nor any allegation, that plaintiff withheld service

---

23 *Id.*
24 La. Dep't of Ins., *Active Company Search*, https://www.ldi.la.gov/onlineservices/ActiveCompanySearch/Results.aspx.

10

to defeat removal or otherwise acted in bad faith in an attempt to manipulate the forum.").

Accordingly, the Court finds that defendant has not demonstrated that this is a case that warrants the application of the exceptional-circumstances exception. Because Safeco did not consent to removal within the thirty-day period, the Court must remand this case to state court.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand. This matter is REMANDED to the 23rd Judicial District Court for the Parish of St. James.

New Orleans, Louisiana, this __12th__ day of October, 2021.

                        _____Sarah Vance_____
                          SARAH S. VANCE
                   UNITED STATES DISTRICT JUDGE